Charles G. **COPELIN**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–35.

Court of Appeals of Alaska.

Feb. 17, 1984.

---

**1.** Sentences for drunken driving manslaughter are summarized in *Pears v. State*, 672 P.2d 903, 910–12 (Alaska App.1983).

Daniel Westerburg, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

David C. Stewart, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Charles Copelin was convicted of driving while intoxicated. AS 28.35.030. He appealed his conviction which was ultimately reversed. *Copelin v. State,* 659 P.2d 1206 (Alaska 1983). The supreme court held that the police had violated Copelin's statutory right to counsel by refusing to give him an opportunity to contact counsel prior to taking a breathalyzer examination and prior to performing field sobriety tests in front of a video camera. On remand Copelin was tried a second time. The trial court followed the supreme court's decision and excluded all evidence of Copelin's actions at the police station. The court nevertheless permitted the arresting officer to testify regarding Copelin's inability to perform field sobriety tests at the scene of his investigatory stop. Copelin was convicted a second time and he again appeals. He argues that his right to contact counsel attached at the time of the investigatory stop because he was in custody at the time. He does not contend that he was under arrest at that time. *See Howard v. State,* 664 P.2d 603, 608–11 (Alaska App.1983) (distinguishing between on the scene investigations, investigatory stops and arrests).

We are satisfied that the Alaska Supreme Court rejected Copelin's arguments in *Copelin v. State,* 659 P.2d 1206 (Alaska 1983) and *Anchorage v. Geber,* 592 P.2d 1187 (Alaska 1979). We read those cases as holding that any right to consult counsel does not attach until after an arrest. *See* AS 12.25.150(b). Here, the field sobriety tests were administered prior to arrest as part of an investigatory stop. Consequently, Copelin had no statutory right to contact counsel until he was taken to the police station.

Copelin nevertheless argues that he had a constitutional right to contact counsel before being required to perform field sobriety tests. He relies upon *Walker v. State,* 652 P.2d 88 (Alaska 1982) and *Blue v. State,* 558 P.2d 636 (Alaska 1977). In *Svedlund v. Anchorage,* 671 P.2d 378, 382 (Alaska App.1983), we rejected a similar argument and held that any right to contact counsel prior to taking field sobriety tests or submitting to a breathalyzer examination was a creature of statute and not the state or federal constitutions. In *Svedlund,* we concluded that *Blue* and, and by implication, *Walker* were distinguishable. *Id.* We adhere to that decision.

The judgment of the district court is AFFIRMED.